# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LISA HENSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12 C 3845 |
| T-MOBILE USA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Lisa Henson sued her former employer, T-Mobile USA (T-Mobile), for harassment and discrimination on the basis of her race and gender, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) & 2000e-3(a), and 42 U.S.C. § 1981(a). Judge Suzanne Conlon, who previously presided over the case, granted T-Mobile's motion for summary judgment on March 18, 2013. *Henson v. T-Mobile USA*, No. 12 C 3845, 2013 WL 1154434 (N.D. Ill. Mar. 18, 2013). Henson moved for reconsideration of that decision. The case was reassigned to the undersigned judge following Judge Conlon's retirement. This Court denies Henson's motion for the reasons stated below.

First, Henson contends that Judge Conlon improperly disregarded a number of her responses to T-Mobile's statement of material facts and matters set forth in her statement of additional facts. Henson contends that Judge Conlon was not obliged to strike her responses and statement of additional facts, that these materials did not run

afoul of Local Rule 56.1's requirements, and that Judge Conlon applied the rules in a disparate manner by not striking certain provisions of T-Mobile's statement of material facts, which Henson says likewise violated the rule.

The Court disagrees. As Judge Conlon noted in her decision, "a district court is entitled to expect strict compliance with Rule 56.1" and may strike any statements of fact or responses to statements of fact that do not strictly comply. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The Seventh Circuit gives district courts "considerable deference" in applying Local Rule 56.1. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). The fact that Judge Conlon had the discretion to overlook Henson's violations of the rule does not render her decision to strike them erroneous. *Id.* ("[I]t is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion."); *see generally Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (motions for reconsideration appropriate only for "wholesale disregard, misapplication, or failure to recognize controlling precedent"). Based on this Court's review of the record, portions of Henson's responses to T-Mobile's statement of material facts and her statement of additional facts did in fact violate the rule. Thus Judge Conlon's decision to strike those responses and facts was not improper. In any event, Henson has not pointed to any contentions supported by admissible evidence in the record that Judge Conlon failed to consider in addressing T-Mobile's motion for summary judgment.

Henson next argues that Judge Conlon erred when she concluded that the only actionable adverse employment action that T-Mobile took against Henson was her termination. Specifically, Henson contends that putting her on a performance

2

improvement plan and locking her out of T-Mobile's sales database were actionable adverse actions. Henson did not argue in her response to the motion for summary judgment that the performance improvement plan was an adverse employment action. She has therefore forfeited this argument. *See Oto*, 224 F.3d at 606 ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."). Yet even if this Court were to consider Henson's argument, the Seventh Circuit has held that performance improvement plans of the type at issue here do not amount to actionable adverse action. *See, e.g., Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 677 (7th Cir. 2011).

Judge Conlon addressed in detail Henson's argument that her inability to access T-Mobile's sales database constituted an actionable adverse action. Henson has not identified any manifest errors of law or fact in that analysis; she simply disagrees with Judge Conlon's conclusion. A motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure is appropriate only when "the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (reconsideration appropriate when court makes "error not of reasoning but of apprehension"). Henson has not produced any new evidence or argued that the law changed after the summary judgment ruling, nor does he argue that Judge Conlon misunderstood her arguments. Henson is free to seek review of Judge Conlon's decision before the Seventh Circuit on appeal, but a motion to reconsider is not the appropriate mechanism for a party to relitigate already-rejected arguments.

3

Finally, Henson contends that Judge Conlon erred when she concluded that Henson was not meeting T-Mobile's legitimate expectations. She does not cite to a single new fact or law to support her claims, however, but instead reasserts the same arguments that she made in her response to T-Mobile's motion for summary judgment. Like her request to reconsider what constituted adverse employment actions against her, this is not an appropriate basis for reconsideration.

## Conclusion

For the reasons stated above, the Court denies Henson's motion for reconsideration [docket no. 56].

                                                                                  _____
                                                                                       MATTHEW F. KENNELLY
                                                                                       United States District Judge

Date: September 3, 2013